UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES TAYLOR,

    Plaintiff

  v.

PERRY STREET PREPARATORY
PUBLIC CHARTER SCHOOL,

    Defendant

Civil Action No. 15-1528 (CKK)

**MEMORANDUM OPINION**
(March 17, 2017)

Plaintiff in this case, the former Dean of Students at Defendant Perry Street Preparatory Public Charter School ("Perry Street"), alleges that Defendant discriminated against him on the basis of his gender when it denied him a promotion, and subsequently retaliated against him for filing a complaint about that discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff brings this lawsuit under Title VII of the Civil Rights Act of 1964. Pending before the Court is Defendant Perry Street's [15] Motion to Dismiss the Complaint. Defendant argues that the Complaint should be dismissed because Plaintiff failed to file a timely charge with the EEOC regarding the challenged conduct, and because Plaintiff's allegations are not sufficient to satisfy the causation requirement of his retaliation claim.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's Motion. The Court

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mot. to Dismiss Complaint ("Def.'s Mot."), ECF No. 15;
- Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 20; and
- Def.'s Reply in Support of Mot. to Dismiss ("Def.'s Reply"), ECF No. 21.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

will dismiss Plaintiff's retaliation claim because Plaintiff did not file a timely EEOC charge with respect to the alleged retaliatory actions.  The Court will not, however, dismiss Plaintiff's discriminatory failure to promote claim at this preliminary stage of the case because Plaintiff has sufficiently alleged that equitable tolling may apply to excuse his failure to file a timely charge with respect to that claim.

## I. BACKGROUND

Plaintiff Charles Taylor worked as the Dean of Students at Perry Street from 2008 to 2014.  Compl., ECF No. 3, ¶ 5.  In 2013, Plaintiff interviewed for a position at the school as the Human Resources Manager.  *Id.*  Plaintiff was denied that position in favor of a female candidate.  *Id.* ¶¶ 6-7.  Plaintiff alleges that this female candidate did not apply for the position and was not qualified for it.  *Id.* ¶¶ 7-8.  Nonetheless, Plaintiff alleges that the female candidate was given the position because she was engaged in a romantic relationship with one of the members of the hiring committee, Mr. Shadwick Jenkins.  *Id.* ¶ 8.  Plaintiff alleges that Mr. Jenkins has engaged in a pattern or practice of firing male employees and replacing them with females with whom he has romantic relationships.  *Id.* ¶ 9.

Plaintiff alleges that he filed a charge with the EEOC regarding this conduct on approximately March 29, 2013, but the EEOC lost his complaint.  *Id.* ¶ 10.  Plaintiff eventually refiled his complaint and received a right to sue letter on June 22, 2015.  *Id.*  Plaintiff alleges that he was retaliated against for filing his original 2013 charge.  He alleges that his supervisor began to berate and embarrass him in front of other employees, and that he was thereafter required to

perform tasks that female employees were not required to perform.  *Id.* ¶¶ 11-12.  Plaintiff also alleges that Mr. Jenkins fired him without cause on July 31, 2014.[2]  *Id.* ¶ 13.

Defendant Perry Street subsequently moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).  Defendant moved to dismiss on the grounds that Plaintiff's EEOC charge was not timely filed and his retaliation claim is not causally connected to any protected activity.  *See* Def.'s Mot.  That motion has been fully briefed and is now ripe for resolution.[3]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further

---

[2] Plaintiff's Complaint actually states that he was terminated on July 31, 2015, as opposed to July 31, 2014.  Compl. ¶ 13.  This appears to simply have been a typographical error however, as elsewhere in Plaintiff's Complaint he states that he stopped working at Perry Street in 2014, Compl. ¶ 5, and Plaintiff's EEOC charge states that he was terminated on July 31, 2014, Def.'s Reply, Ex. 1; *see also Kruger v. Cogent Commc'ns, Inc.*, 174 F. Supp. 3d 75, 85 (D.D.C. 2016) ("the Court can take judicial notice of [an] EEOC Charge as it is a public document.").  Defendant pointed out in its Motion to Dismiss that this appeared to simply be a mistake in the Complaint, Def.'s Mot. at 5 n.1, and Plaintiff did not dispute this point in his Opposition.  Accordingly, the Court assumes Plaintiff intended to allege that he was terminated in 2014.

[3] Defendant argues in its Reply that Plaintiff's Opposition was untimely and should therefore not be considered.  Def.'s Reply at 1.  Defendant is correct that Plaintiff filed his Opposition on March 25, 2016, which was four days after the Court had ordered the Opposition be filed.  Nonetheless, given the Court's preference for deciding issues on their merits, the Court has not treated Defendant's motion as conceded and has considered Plaintiff's Opposition when ruling on the pending motion.  However, going forward both parties shall strictly adhere to all scheduling orders.

factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient *factual* allegations that, if true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *See In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).

### III. DISCUSSION

Defendant's Motion to Dismiss is primarily a challenge to the timeliness of the charge Plaintiff filed with the EEOC before bringing his lawsuit. "Prior to filing a Title VII suit, a plaintiff must exhaust his administrative remedies by filing an EEOC charge outlining his allegations." *Duberry v. Inter-Con Sec. Sys., Inc.*, 898 F. Supp. 2d 294, 298 (D.D.C. 2012) (citing 42 U.S.C. § 2000e-5(e)). "In the District of Columbia, such an EEOC charge must be filed within 300 days of the allegedly discriminatory/retaliatory act." *Id.* "[I]f the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court." *Ledbetter v. Goodyear Tire & Rubber Co., Inc.,* 550 U.S. 618, 624 (2007) (citing 42 U.S.C. § 2000e–5(f)(1)), *superseded by statute,* Lily Ledbetter Fair Pay Act of 2009, Pub.L. No. 111–2, 123 Stat. 5 (2009).

Plaintiff's Complaint contains two categories of allegedly unlawful action. First, Plaintiff alleges that he was discriminated against on the basis of his gender when he was denied the Human Resources Manager position in early 2013. Plaintiff alleges that he filed a timely charge

with the EEOC regarding that discrimination.  Second, Plaintiff alleges that Defendant retaliated against Plaintiff for filing that EEOC charge by berating him for a period of time culminating in his termination on July 31, 2014.

Plaintiff's claims will not be dismissed as they relate to the first category of alleged unlawful conduct—the allegedly discriminatory failure to promote Plaintiff.   Plaintiff alleges that he filed an EEOC charge relating to this claim on approximately March 29, 2013, which would have been timely, but "[t]he EEO office lost said complaint."  Compl. ¶ 10.  Plaintiff claims that he only discovered that his timely charge had been lost when he returned to the EEO Office in June 2015 and was told that the office could not locate his file.  Pl.'s Opp'n at 2.  Under these circumstances, Plaintiff asks the Court to apply equitable tolling to his deadline to file an EEOC charge.

"'[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Dyson v. D.C.*, 710 F.3d 415, 421 (D.C. Cir. 2013) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  "A 'petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal modifications omitted).

At this early stage in the proceedings, when the Court must accept Plaintiff's allegations as true, the Court cannot say that Plaintiff is not entitled to equitable tolling on the grounds that the EEO Office lost his timely-filed charge.  First, if Plaintiff's allegations are accepted as true, he pursued his rights diligently with respect to his claim of discrimination by timely filing an EEOC charge in 2013.  Second, if the EEO Office in fact lost Plaintiff's timely-filed charge, this

could constitute an "extraordinary circumstance" that might justify tolling—a point even Defendant appears to concede. *See* Def.'s Reply at 4 ("[t]he only extraordinary circumstance [Plaintiff] alleges is that the EEO office lost his 2013 charge"). Because Plaintiff has plausibly pleaded an entitlement to equitable tolling, the Court will not dismiss his discrimination claim based on the timeliness of his EEOC charge at this time. *See Grimm v. Target*, No. CIV.A.09-93, 2009 WL 1508768, at *3 (W.D. Pa. May 27, 2009) ("To the extent that the EEOC's purported mishandling of Plaintiff's claim, or loss of her documents, resulted in an untimely charge, Plaintiff's delay may be excused under the law."); *McGarrah v. Kmart Corp.*, No. 3:97-CV-2386-G, 1999 WL 455716, at *3 (N.D. Tex. July 2, 1999) ("Taking McGarrah's version of the facts as true, the court concludes that the three hundred day limitations period should be equitably tolled" because "McGarrah should not be punished for the EEOC's failure to maintain its own records."); *Ricciardi v. Consol. Rail Corp.*, No. CIV.A. 98-3420, 1999 WL 77253, at *5 (E.D. Pa. Feb. 8, 1999) (denying motion to dismiss because "this Court must accept the Plaintiff's sworn affidavit which states that he filed a timely charge in November 1996 that the EEOC lost . . . [u]nder these circumstances, the Court finds that equitable tolling is appropriate because the Plaintiff should not be punished for the EEOC's failure to maintain their records."); *Johnson v. C&L, Inc.*, No. 95C6381, 1996 WL 308282, at *3 (N.D. Ill. June 6, 1996) (noting that it was "not entirely impossible that the EEOC" misplaced a timely-filed charge, and concluding that "where relevant facts are in dispute at the motion to dismiss phase, the court will not dismiss Title VII counts for a possible failure to meet filing requirements.").

      This potential tolling, however, only applies to Plaintiff's claim that he was discriminated against when he was not chosen for the Human Resources Manager position, because that was the only claim allegedly raised in the 2013 EEOC charge. The remainder of Plaintiff's

allegations relate to conduct that occurred after—and allegedly as a result of—the filing of the 2013 charge.  Accordingly, Plaintiff's claims will be dismissed to the extent that they relate to the second category of allegedly unlawful conduct—the alleged berating and Plaintiff's ultimate termination in retaliation for his filing the allegedly-lost 2013 EEOC charge.  The deadline for filing a timely charge with respect to this category of conduct was, at the latest, three hundred days after Plaintiff's termination, May 27, 2015.  The only EEOC charge relating to this conduct was filed on June 10, 2015.  This charge was therefore untimely.[4]  Moreover, Plaintiff has not provided any allegations that might justify tolling the deadline to file a charge with respect to this conduct.  Accordingly, all of Plaintiff's claims other than the alleged discriminatory failure to promote him to the position of Human Resources Manager will be dismissed.[5]

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's Motion.  Plaintiff's claim that Defendant discriminated against him when it failed to promote him to the position of Human Resources Manager remains in this case.  Plaintiff's

---

[4] Although not a model of clarity, Plaintiff's Opposition appears to argue that Plaintiff's 2015 charge was not untimely because Plaintiff has alleged a hostile work environment claim.  Pl.'s Opp'n at 2.  Defendant disputes whether Plaintiff's Complaint in fact contains such a claim.  The Court need not address this argument because even if Plaintiff had alleged a hostile work environment claim, the 2015 charge would still have been untimely.  The alleged hostile work environment would have ceased no later than Plaintiff's termination on July 31, 2014, which was more than 300 days prior to the filing of the 2015 charge.  Plaintiff has not alleged that a hostile work environment claim was raised in the 2013 charge.

[5] Because the Court dismisses Plaintiff's retaliation claim for failure to file a timely EEOC charge, it need not address Defendant's alternative argument that Plaintiff has not sufficiently pleaded the causation element of that claim.  *See* Def.'s Mot. at 9-11.

claims are DISMISSED WITH PREJUDICE in all other respects.  An appropriate Order accompanies this Memorandum Opinion.

Dated: March 17, 2017

                                                                            /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge